IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02816-ZLW

ROGER SCOTT BLACKBURN,

    Plaintiff,

v.

EXECUTIVE DIR. COLO. DEPT. OF CORR'S,
WARDEN KEVIN MILYARD,
ASS. WARDEN CHAPDELAINE,
CASE MANAGER (S) LONG,
HOLMEN,
DENNIS, and
INVESTIGATOR SMITHGALL,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Roger Scott Blackburn has filed *pro se* on May 12, 2009, a "Motion for Reconsideration." Mr. Blackburn seeks reconsideration of the Court's Order of Dismissal and the Judgment entered in this action on March 4, 2009. The Court must construe the motion to reconsider liberally because Mr. Blackburn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Blackburn's motion to reconsider, which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

In an order filed in this action on January 20, 2009, Magistrate Judge Boyd N. Boland directed Mr. Blackburn to file an amended complaint that complies with the Court's local rules and that clarifies the claims he is asserting. Mr. Blackburn filed an amended complaint, but the Court dismissed the action without prejudice because the amended complaint still failed to clarify the specific claims Mr. Blackburn was asserting. Mr. Blackburn does not challenge the substance of the Court's ruling in his motion to reconsider. Instead, he states "[t]hat due to the nature of this case (Plaintiff was the victim of a serious crime); this case 'should' be reconsidered." (Mot. for Recons. at 1-2.)

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Blackburn fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on May 12, 2009, is denied.

DATED at Denver, Colorado, this 21 day of May, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02816-ZLW

Roger Scott Blackburn
Prisoner No.127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk